UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:10-CR-00123-EJD |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255** |
| v. | |
| NICOLE BERMUDEZ, | |
| Defendant. | **[Docket No. 69]** |

Presently before the Court is a Motion to Vacate, Set Aide, or Correct a Sentence by filed by federal prisoner Nicole Bermudez ("Petitioner") pursuant to 28 U.S.C. § 2255. See Docket Item 69. Petitioner challenges her sentence on the grounds that she did not receive effective assistance of counsel at trial and sentencing, that her sentence is substantively unreasonable, and that she is actually innocent.

This Motion will be denied for the reasons discussed below.

## I.      BACKGROUND

On February 24, 2010, Petitioner was indicted on one count of conspiracy in violation of 18 U.S.C. §§ 1341 and 1343; five counts of wire fraud in violation of 18 U.S.C. § 1343; and six counts of engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957(a). See Docket Item 1. Count one carried a maximum penalty of five

years imprisonment, counts two through six 20 years imprisonment, and counts seven through twelve 10 years imprisonment, respectively. Id. In addition, the charges carried up to a $250,000 fine, three years supervised release, and $100 special assessment. Id.

Petitioner's initial appearance was before Magistrate Judge Trumbull on April 1, 2010. See Docket Item 82, Ex. A. Petitioner appeared without counsel and indicated that she intended to represent herself. Id. at 8. The court then inquired into Petitioner's mental health history, educational background and her understanding of the risks of self-representation. Id. at 12-14. The court read the entire indictment against Petitioner aloud, including potential maximum penalties. Id. at 17-29. Petitioner again reiterated a desire to represent herself. Id. at 35.

Petitioner's trial began on August 31, 2010, before Judge James Ware after the court denied Petitioner's request for a continuance based on typographical changes to the indictment. Id. at 12, Ex. C. Petitioner represented herself at trial. A jury returned convictions on all counts. Id. at Ex. D.

Petitioner appeared without counsel for sentencing on December 6, 2010. Id. at Ex. F. The court asked Petitioner if she was comfortable continuing to represent herself for sentencing, but Petitioner proceeding with the hearing. Id. at 28. Petitioner was sentenced to 151 months imprisonment and 3 years supervised release, and was ordered to pay $2,488,613.38 in restitution and a $1,200 special assessment. See Docket Item 57. An Amended Judgment was filed on December 14, 2010. See Docket Item 59.

Petitioner did not appeal from the Amended Judgment. She filed this motion on December 9, 2011.

## II.    LEGAL STANDARD

A Motion pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that … there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis

Case No.: 5:10-CR-00123-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

omitted). A court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. <u>United States v. McMullen</u>, 98 F.3d 1155, 1159 (9th Cir. 1996); <u>Shah v. United States</u>, 878 F.2d 1156, 1158 (9th Cir. 1989), cert. denied, 493 U.S. 869 (1989). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." <u>United States v. Johnson</u>, 988 F.2d 941, 945 (9th Cir. 1993); <u>see also</u> <u>United States v. Howard</u>, 381 F.3d 873, 877, 879 (9th Cir. 2004). While a petitioner is not required to allege facts in detail, he or she must make factual allegations. <u>United States v. Hearst</u>, 638 F.2d 1190, 1194 (9th Cir. 1980). Accordingly, an evidentiary hearing is required only if: 1) a petitioner alleges specific facts which, if true, would entitle him to relief; and 2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. <u>Howard</u>, 381 F.3d at 877.

### III.    DISCUSSION

Petitioner offers three grounds in support of her motion. In the first, Petitioner argues that, as a criminal defendant representing herself, she received ineffective assistance of counsel. In a related argument, she contends that the trial court failed to properly conduct a competency hearing, and that it erred in finding her competent to represent herself and in declining to appoint her advisory counsel. In the second ground, Petitioner argues that her sentence is substantively unreasonable because it is longer than that imposed on her co-conspirator. In the third, Petitioner alleges that she is actually innocent and is entitled to a new trial.

Each of these grounds is discussed below.

### A.  Ineffective Assistance of Counsel

The right to effective assistance of counsel is a well-established component of the due process afforded to criminal defendants by the Constitution. Another significant constitutional protection is the right to represent oneself at trial, which the Supreme Court first interpreted as implied by the Sixth Amendment in <u>Faretta v. California</u>, 422 U.S. 806 (1975). "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense …The right to defend is given directly to the

Case No.: 5:10-CR-00123-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

United States District Court
For the Northern District of California

1  accused; for it is he who suffers if the defense fails." Faretta, 422 U.S. at 819. However, exercising

2  that right requires a defendant to meet the same standards as any other attorney appearing before

3  the court; a "defendant who elects to represent himself cannot therefore after complain that the

4  quality of his own defense amounted to a denial of 'effective assistance of counsel.'" Faretta, 422

5  U.S. at 834-35 n. 46; see also United States v. Cochrane, 985 F.2d 1027, 1029 (9th Cir. 1993).

6  Here, Petitioner seeks to assert a direct claim for ineffective assistance of counsel - in essence

7  arguing that she, herself, was ineffective in her own defense. Faretta makes clear that such an

8  argument cannot be made. Thus, because the case law cited by Petitioner provides nothing to the

9  contrary, this argument is rejected and will not be discussed further.

10       However, while Petitioner is barred from bringing a substantive ineffective assistance

11  claim, she may challenge the procedure through which she waived her right to counsel. For such a

12  waiver to be constitutionally valid, a defendant must "'knowingly and intelligently' forgo [the]

13  relinquished benefits" of representation. Faretta, 422 U.S. at 835 (quoting Johnson v. Zerbst, 304

14  U.S. 458, 464-65 (1938)). "In order to deem a defendant's [] waiver knowing and intelligent, the

15  district court must insure that he understands 1) the nature of the charges against him, 2) the

16  possible penalties, and 3) the 'dangers and disadvantages of self-representation.'" United States v.

17  Erskine, 355 F.3d 1161, 1167 (9th Cir. 2004) (quoting United States v. Balough, 820 F.2d 1485,

18  1487 (9th Cir. 1987)). While Faretta does not mandate a separate competency hearing for a waiver

19  to be constitutionally adequate, it does require that the record establish that a defendant "knows

20  what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835 (internal

21  quotations omitted).

22       In this case, a review of the record establishes that the court complied with the

23  constitutional requirements in finding Petitioner's waiver proper. At the outset of her initial

24  appearance on April 1, 2010, Petitioner suggested that she intended to represent herself. See

25  Docket Item 82, Ex. A. The court immediately undertook an assessment of Petitioner's waiver as

26  required by Faretta. Id. at 10. Magistrate Judge Trumbull inquired into Petitioner's age, mental

27  health and educational history; Petitioner indicated that she was a college graduate with no history

28

Case No.: 5:10-CR-00123-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

**United States District Court**
For the Northern District of California

1    of mental health problems, and that she was not waiving her right to counsel under duress. Id. at

2    12-13. The court then explained that Petitioner would receive no assistance if she chose to

3    represent herself: "When you represent yourself…you're on your own…The prosecutor isn't

4    allowed to help you. The judge isn't allowed to help you. No one else is allowed to help you." Id.

5    at 14. Petitioner responded that she understood. Id. at 15. The court later reiterated to Petitioner

6    how significant a challenge it could be for her to conform to trial standards and procedure.

7    "[U]nless you're legally trained, you basically will be at a disadvantage because you don't know

8    how to do any of these things." Id. at 31. Again, Petitioner indicated she understood, responding: "I

9    will learn. The Defendant will become very educated very quickly…." Id. at 32.

10         In addition to explaining the risks of self-representation, the court also took clear steps to

11    insure that Petitioner was aware of the charges against her and the possible penalties. Magistrate

12    Judge Trumbull permitted Petitioner to review the charging documents at the commencement of

13    the hearing. Id. at 4. Once aware that Petitioner intended to represent herself, the court also had the

14    entire indictment read aloud; this colloquy included the penalty sheet, which indicated the terms of

15    imprisonment and monetary fines that could accompany each of the 12 counts if she were

16    convicted. Id. at 17-29. In addition, the court requested that the government summarize the

17    maximum possible penalties Petitioner faced. Id. at 36. The government responded that Petitioner

18    could be sentenced to prison term of 165 years if convicted on all counts. Id. at 37. As the record

19    makes clear, Petitioner was notified of the charges against her, the possible penalties she faced, and

20    the risks of self-representation; therefore her Faretta waiver at her initial appearance was proper.

21         At trial, the court correctly found that the waiver remained valid despite Petitioner's

22    arraignment on a superseding indictment. The new indictment merely eliminated typographical

23    errors in the original; it contained no modification to the charges or possible penalties faced by

24    Petitioner, and the changes made merely rendered the indictment consistent with other documents

25    related to the case that had already been provided to her. Id. at Ex. C. Therefore, her original

26    waiver remained knowing and voluntary. Petitioner then reaffirmed that waiver at sentencing,

27

28

5

1    when she proceeded to make a sentencing statement after being asked by the court if she was

2    comfortable continuing to represent herself. Id. at Ex. F.

3         Further, there is no constitutional right to standby counsel for defendants who choose to

4    represent themselves. United States v. Mendez-Sanchez, 563 F.3d 935, 947 (9th Cir. 2009).

5    Although Petitioner might have benefited from such assistance, no abuse of discretion occurred

6    when the trial court declined to appoint standby counsel in her case.

7         **B.   Substantive Sentencing Error**

8         Petitioner argues that her sentence is substantively unreasonable in light of the sentence of

9    her co-defendant. Petitioner appears to argue that she should have received a shorter sentence than

10   her co-defendant because she profited less from their conspiracy than he did. See Docket Item 69 at

11   26.

12        A review of the sentenced imposed revels no error. As the adjudged leader of the

13   conspiracy, Petitioner's sentencing calculations properly considered the total intended loss of the

14   conspiracy rather than the actual loss that was used to calculate her co-defendant's sentence. See

15   Docket Item 82, Ex. F. Considering this loss amount, Petitioner's unwillingness to take

16   responsibility for her conduct and the number of counts on which she was convicted, Petitioner's

17   base offense level was accurately calculated as 34, for which the Sentencing Guidelines

18   recommend a sentencing range of 151 to 188 months imprisonment. Id. at 27. Petitioner was

19   sentenced to the low end of this range.

20        In sum, Petitioner's sentence was correctly calculated given the offenses and does not

21   constitute constitutional error.

22        **C.   Actual Innocence**

23        Petitioner finally challenges her conviction on the ground that she is actually innocent. To

24   establish actual innocence, a § 2255 petitioner "must show that it is more likely than not that no

25   reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S.

26   298, 327 (1995). The actual innocence standard requires more than mere insufficiency, and "is not

27   easy to meet." Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2001).

28

6

1    Here, Petitioner offers no new evidence to support her claim of actual innocence; rather, she

2    argues that testimony admitted at trial was perjurious because it was the result of cooperation

3    between her co-conspirator and the government. See Docket Item 69 at 29-30. But the mere fact of

4    cooperation between a co-conspirator and the government does not substantiate allegations of

5    perjury. Because Petitioner offers no additional support for her assertion that the trial testimony

6    was untrue, and indeed no other evidence of actual innocence, she has not met her burden under

7    Schlup.

8                           **IV.    CONCLUSION**

9    For the foregoing reasons, the court finds an evidentiary hearing unnecessary since the

10   motion, relevant files and underlying record conclusively show that Petitioner is not entitled to

11   relief.  Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28

12   U.S.C. § 2255 (Docket Item No. 69) is DENIED.  The motion filed April 4, 2014, raising similar

13   arguments and the accompanying in forma pauperis application (Docket Item Nos. 94, 95) are also

14   DENIED.

15   No certificate of appealability shall issue, as Petitioner has not made a substantial showing

16   of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). Judgment shall be

17   entered in favor of Respondent and the clerk shall close the civil case associated with this Motion.

18   **IT IS SO ORDERED.**

19   Dated: May 20, 2014

20

21   _____
     EDWARD J. DAVILA
     United States District Judge

22

23

24

25

26

27

28

Case No.: 5:10-CR-00123-EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255