UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>NICOLE BERMUDEZ,<br>　　　　Defendant. | Case No. 5:10-cr-00123-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTIONS FOR MODIFICATION OF SENTENCE**<br><br>Re: Dkt. Nos. 104, 105 |

　　　　In September 2010, a jury found Defendant Nicole Bermudez ("Defendant") guilty of one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, five counts of wire fraud in violation of 18 U.S.C. § 1343, and six counts of engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957(a). She was thereafter sentenced to 151 months imprisonment, three years of supervised release, and was ordered to pay $2,488,613.38 in restitution and a special assessment.

　　　　Presently before the court are two documents filed by Defendant: (1) a letter dated January 4, 2016, and (2) a "Motion for Modification of Sentence and to Change Method by Which Balance of Sentence is Served." Dkt. Nos. 104, 105. Because both documents contain similar subject matter and make similar requests, the court considers them together and finds, concludes, and orders as follows:

　　　　1.　　In the January 4th letter, Defendant references subsections (b) and (c) of 18 U.S.C. § 3622 as possible bases for a modification of her sentence. However, this court cannot consider a request for relief under that statute. The plain language of § 3622 reveals that community placement or work release decisions are reserved for the Bureau of Prisons ("BOP"), not made by

1

Case No.: 5:10-cr-00123-EJD-1
ORDER DENYING DEFENDANT'S MOTIONS FOR MODIFICATION OF SENTENCE

the sentencing court. In fact, this court lacks jurisdiction to review § 3622 decisions once made by the BOP. See Reeb v. Thomas, 636 F. 3d 1224, 1227 (9th Cir. 2011). Instead, "[t]he BOP's Administrative Remedy Program . . . provides a vehicle for aggrieved inmates to challenge such discretionary BOP determinations." Id.

2. In addition, this court is unable to entertain challenges to the manner in which the BOP is executing Defendant's sentence. Such challenges are properly raised through a petition under 28 U.S.C. § 2241 and must be brought in the district court where the defendant is confined. Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). Here, Defendant's pleadings reveal that she is incarcerated in Florida, not within the Northern District of California.

3. Finally, Defendant's sentence cannot be modified under 18 U.S.C. § 3582 to the extent she relies on that statute because she has not shown that her sentence falls within its scope. See 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . [or] the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . [or] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment . . . ."). Reliance on 18 U.S.C. § 3553 is similarly misplaced since that statute does not contain an independent provision providing for the modification of sentences.

Accordingly, all relief requested in Dkt. Nos. 104 and 105 is DENIED.

**IT IS SO ORDERED.**

Dated: May 10, 2016

EDWARD J. DAVILA
United States District Judge